WILLIAM E. TOMLINSON v. KIDD BREWER AND WIFE, MARY FRANCES LINNEY BREWER

No. 7210SC354

(Filed 28 June 1972)

1. **Appeal and Error § 42— summary judgment — consideration of affidavits and exhibits — failure to include affidavits and exhibits in record on appeal**

    The appellate court cannot consider plaintiff's contention that the trial court erred in considering certain affidavits and exhibits in ruling on defendants' motion for summary judgment on their counterclaim where the affidavits and exhibits were not made a part of the record on appeal.

2. **Landlord and Tenant § 19— counterclaim for rent — summary judgment**

    The trial court erred in the entry of summary judgment in favor of defendants on their counterclaim for rents allegedly due, where summary judgment was based on the pleadings, and the amount of plaintiff's indebtedness to defendants, if any, cannot be determined from the pleadings.

APPEAL by plaintiff from *Brewer, Judge,* 6 December 1971 Session of Superior Court held in WAKE County.

This is a civil action wherein plaintiff seeks to impress a parol trust in his favor on land claimed by the defendants. The defendants filed answer denying the material allegations of plaintiff's complaint with respect to the alleged parol trust

and filed a counterclaim seeking to recover from the plaintiff rent for the use of the said property in the amount of $9,979.77 due to 19 October 1971 and thereafter at the rate of $300 per month. The plaintiff filed a reply admitting in part and denying in part the allegations of the counterclaim. On 9 December 1971 on motion of the defendants, the Court entered a summary judgment that the defendants recover from the plaintiff on their counterclaim $10,644.01. The plaintiff appealed.

*Early & Chandler by Walter J. Early for plaintiff appellant.*

*Wolff & Harrell by Bernard A. Harrell for defendant appellees.*

HEDRICK, Judge.

Appellant contends the Court erred in considering certain affidavits and exhibits in ruling on the defendants' motion for summary judgment on the counterclaim. In response to this contention appellee in his brief states:

"Even conceding arguendo, that the admission of the affidavits and the letters at the hearing was erroneous, such error was not prejudicial. The trial court based its ruling and its judgment not upon the affidavits or letters, but upon the pleadings and admissions of counsel."

[1] The affidavits or exhibits filed in support of defendants' motion, including some not challenged by this exception, were not made a part of the record on appeal. Therefore, we are unable to review this exception. In the light of appellees' statement that the trial judge based his ruling and judgment on the pleadings and admission of counsel, we have not exercised our authority under Rule 19 of the Rules of Practice in this Court to order the affidavits and exhibits sent up and added to the record on appeal.

The question thus presented is whether the pleadings reveal that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law on their counterclaim. In their counterclaim, defendants in substance alleged that they and the plaintiff entered into an oral agreement whereby the defendants were to obtain a loan in the amount of $40,000 to purchase a certain parcel of land in Wake County and that plaintiff for the use of said property would

make monthly payments of rent in an amount equal to the interest on the said $40,000 loan, plus Wake County ad valorem taxes and expenses. The defendants further alleged:

> "That the plaintiff made sporadic payment of rents to the defendants but defaulted in the payment of rents beginning in September, 1968; that the last rents received from plaintiff was in March of 1969 and since such time, plaintiff has paid no rent for use of the said land.
>
> That the rent due and owing for the occupation and use of the premises now stands at $9,979.77 to October 19, 1971; . . . . "

Defendants prayed:

> "That the defendants have and recover on their counterclaim the sum of $9,979.77 as rent due to October 19, 1971 and thereafter at a rate of $300.00 per month."

In his reply to defendants' counterclaim, the plaintiff admitted that there was an oral agreement between plaintiff and defendants, a part of which was that the plaintiff would make monthly payments equal in amount to the interest which the defendants were to pay on the loan secured by defendants, and that he ceased making the "so called rental payments" in March, 1969. In his reply, plaintiff admitted:

> " . . . that there are certain sums due to or for the use and benefit of the defendant and that the defendant has made a demand therefor and that the plaintiff has refused to pay said sums."

[2] We think the pleadings show clearly there are genuine triable issues as to material facts regarding defendants' counterclaim. The most that can be said is that the pleadings show that the plaintiff agreed to pay the defendants for the use of the premises monthly installments of "rent or cost" in an amount equal to the interest on defendants' $40,000 loan, plus expenses and Wake County ad valorem taxes. From the pleadings, we cannot determine the rate of interest charged on defendants' loan, the amount of the expenses, or the amount of the Wake County taxes. We cannot determine whether the payments were current in March 1971 or the rate at which the payments accrued thereafter until 19 October 1971. Although the defendants alleged that rent "due and owing" as of 19 October

1971 was $9,979.77, the plaintiff only admitted in his reply that there were "certain sums" due. Although the defendants sought to recover rent at the rate of $300 per month after 19 October 1971, there is nothing in the pleadings to show that the plaintiff in fact ever agreed to such a rate. In short, the amount of plaintiff's indebtedness to defendants, if any, simply cannot be calculated from the pleadings.

It seems clear that the able trial judge based his ruling, at least in part, on the admissions of counsel and on the affidavits and exhibits, which were omitted from the record on appeal. Our holding, however, is based on the pleadings alone which will not support a judgment for defendants on their counterclaim in the amount of $10,644.01. The judgment appealed from is

Reversed.

Judges BROCK and MORRIS concur.